**UNITED STATE DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Ronald E. Rutkis
Kimberly A. Rutkis

v.

Case No.
The Plaintiffs Seeks a Trial by Jury

Wells Fargo Mortgage

**COMPLAINT**

**Introduction**

The Plaintiffs, Ronald E. Rutkis and Kimberly A. Rutkis, bring this suit to challenge the Defendant CitiMortgage, Inc. ("CitiMortgage") for failure to honor their contractual obligations under its Trial Period Plan Agreements (TPP Agreements) with the Plaintiffs by accepting Twenty-One (21) trial plan mortgage payments from the Plaintiffs and then failing to honor their proposed mortgage modification. Subsequently CitiMortgage failed to comply with the dictates of the "Emergency Economic Stabilization Act of 2008" and the "National Mortgage Settlement" reached on February 9, 2012 as well as other applicable law.

On October 3, 2008 Congress passed the "Emergency Economic Stabilization Act of 2008" and amended it on February 17, 2009 with the "American Recovery Act of 2009" in 12 U.S.C. Sec. 5201. The purpose of this Act is to grant the Secretary of the Treasury the authority to restore the liquidity and stability to the financial system and ensure that such authority is used in a matter that protects home values and preserves home ownership; 12 U.S.C Sec. 52071. The Act further mandates, with regard to any assets

*THE ROMANELLO LAW FIRM, LLC*
*57 North Street, Suite 304, Danbury, CT 06810 · Telephone: (203) 205-0891 · Juris No. 427057*

acquired by the Secretary that are backed by residential real estate, that the Secretary should implement a plan that seeks to maximize a system for homeowners and use those assets and authority over servicers to encourage them to take advantage of programs to minimize foreclosures. The Act encourages note holders and servicers to use credit enhancements and loan guarantees to facilitate loan modifications in order to prevent avoidable foreclosures.

The Act composes mandates to implement plans to maximize assistance to homeowners in order to minimize foreclosure. Under the HOME AFFORDABLE MODIFICATION PROGRAM ("HAMP") the Federal Government incentivizes participating servicers to enter into agreements with struggling homeowners that will make adjustments to existing mortgage obligations in order to make the monthly payments more affordable.

Furthermore, on February 9, 2012 five major mortgage servicers, including the Defendant CitiMortgage, reached the "National Mortgage Settlement" Agreement which required mortgage services to comply with extensive guidelines including, but not limited to, better communication with borrowers through mortgage workouts, knowledgeable and better trained agents and employees and timely processing modification applications.

The Defendant, CitiMortgage, is known as a "servicer" and was obligated to provide for the actual interface with borrowers by administering payment processing, escrow maintenance and loss mitigation to avoid foreclosure. Under the Troubled Asset Relief Program ("TARP") the United States Government created legislation to address the current financial crisis. A key feature of TARP is the United States Treasury HAMP

Program.  A program through which the Defendant received incentives for providing mortgage loan modification programs and services to eligible borrowers.

## Parties

1. The Plaintiffs, Ronald E. Rutkis and Kimberly A. Rutkis are at all times herein residents of Brookfield, Connecticut.

2. The Defendant, CitiMortgage has an office and place of business with an address of 1000 Technology Drive, O'Fallon, MA 63368.

## Jurisdiction

The jurisdiction of this court is premised on the Plaintiffs seeking to protect their interests as set out in Federal Statutes, specifically those protecting them from over reaching mortgagors that are in default and which require lenders and servicers to adhere to prescribed rules and regulations. There is also diversity jurisdiction with regards to the amount in controversy is greater than $70,000.00

## Count One- Breach of Contract

3. Prior to October 2014, the Defendant, CitiMortgage, accepted incentives from the United States Government as part of TARP, 12 U.S.C. Sec. 521 and was further obligated to comply with the "National Mortgage Settlement" as of April 5, 2012.

4. As a servicer and/or provider, the Defendant, CitiMortgage, proposed a Trial Payment Plan ("TPP") Agreement for a temporary modification to the Plaintiffs. This TPP Agreement was in the form of written and oral communications that included expressed terms requiring the Plaintiffs to provide certain information and make payments after which time, if compliant, the Defendant would complete a formal offer proposing a permanent loan modification.

5. The Plaintiffs, Ronald E. Rutkis and Kimberly A. Rutkis, owned real property situated in the Town of Brookfield, County of Fairfield, State of Connecticut, known as 54 Indian Trail, Brookfield, CT 06804 (hereinafter referred as the Property).

6. On or about March 27, 2006 the Plaintiff, Ronald E. Rutkis, executed and delivered to Quicken Loans, Inc. a note for a loan in the original principle amount of $684,200.00. To secure that note a mortgage was executed, by Ronald E. Rutkis and Kimberly A. Rutkis, recorded against the property and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for Quicken Loans, Inc. Said mortgage was dated March 27, 2006 and recorded May 3, 2006 in Volume 539 at Page 845 of the Brookfield land records.

7. Said note and mortgage were later assigned to CitiMortgage, Inc.

8. As the holder of the note and mortgage deed the Defendant, CitiMortgage, upon the Plaintiffs' default, commenced an action to foreclose the Plaintiffs' property, which matter is pending in the Judicial District of Danbury with Docket# CV11-6005669-S.

9. The participants in the mortgage modification programs, which includes the Defendant, agreed to incorporate all guidelines, procedures, documents and instructions within which they were obligated to follow and further promulgated in the National Mortgage Settlement.

10. The Federal Mandates and the National Mortgage Settlement require all participating servicers to evaluate all loans that are sixty or more day's delinquent for HAMP modifications. In addition, if a borrower contacts a participating servicer regarding a

HAMP modification the participating servicer, in this case Defendant CitiMortgage was to assess the income and hardship information provided to determine if HAMP is appropriate for the borrower (in this case the Plaintiffs.)

11. The mortgage modification procedure, as dictated by the federal guidelines and the National Mortgage Settlement, obligated the Defendant to appropriately communicate with the Plaintiffs and commence and complete the process for a mortgage modification. The Plaintiffs forwarded the requested documents and received confirmation from the Defendant that they qualified for a mortgage modification and pursuant to that agreement the Plaintiff's commenced making monthly trial payments.

12. The Plaintiffs more than complied with their obligation, as required by the Defendant by submitting all required documentation, answering all questions truthfully and making twenty-one (21) trial payments reasonably relying upon Defendant's representation that no action with regard to a foreclosure action would be brought against them.  Despite Plaintiff's full compliance with the Defendant's request, including making Twenty-One (21) trial plan payments, the Defendant ignored their obligation to honor the proposed mortgage modification and commenced a foreclosure.

13. While the Defendant enjoyed all of the benefits provided them through TARP and the National Mortgage Settlement, the Defendant wrongfully deprived the Plaintiffs of an opportunity to cure their delinquencies, pay the mortgage loan and avoid foreclosure.

14. The Defendant's actions thwart the very purpose of its obligations to act in good faith as well as other contractual obligations as set out in HAMP and the National Mortgage Settlement and are a breach of its agreements with its contract.

15. Rather than accepting the Plaintiff's permanent mortgage modification in a timely and reasonable fashion (following Plaintiffs' approval and Defendant's acceptance of Twenty-One (21) payments towards their TPP Agreement) which would prevent the commencement of a foreclosure against Plaintiffs' home, the Defendant unilaterally discontinued the processing of the final mortgage modification agreement notwithstanding the fact the Defendant accepted Twenty-One (21) trial payments under the TPP Agreement.  Moreover, the Defendant failed to process a permanent modification, after approval and receipt of Twenty-One (21) TPP Agreements, refused to accept any further TPP Payments and ultimately denied the Plaintiffs' a permanent mortgage modification.

16. The Defendant thereafter made false and misleading claims and failed to implement adequate procedures and systems to respond to the Plaintiffs' inquiries and complaints.

17. The Defendant breached expressed and implied terms that required them to honor a permanent modification, within a reasonable period of time following the Plaintiff's performance as required under TPP Agreements and thus commenced foreclosure.

18. As a result of the Defendant's failure to timely present the permanent mortgage modification documents, as well as their misrepresentation in anticipation of a permanent modification, which the Plaintiffs made Twenty-One (21) payments towards and stood ready willing and able to accept, the Plaintiffs have now suffered harm and may lose ownership of their home on June 6, 2017.

19. On information and belief the Plaintiffs have suffered additional harm and expenses in the form of defending against the foreclosure activity referred to herein and in having to commence this action.

**Count Two- Breach of Covenant of Good Faith and Dealing**

Paragraphs 4 through 20 are hereby made paragraphs 21-25 of this count.

20. The Defendant is obligated by contract and common law to act in good faith and deal fairly with each borrower.

21. The purpose of the Covenant of Good Faith and Fair Dealing is to guarantee that the parties remain committed to the intended and agreed upon expectation by the parties in their performance.

22. The Defendant routinely and regularly breached this duty by:

   a. Failing to perform a loan servicing function consistent with its responsibilities to the Plaintiffs;

   b. Failing to properly supervise its agents and employees including, without limitation, its loss mitigation and collection personal as well as its foreclosure attorneys;

   c. Demanding information from the Plaintiffs, receiving and approving the information and thus failing to timely respond;

   d. Unreasonably delaying any response to the Plaintiffs that would include extending the offer of a corrected permanent mortgage modification to them which they were required to include by the obligations of being a party to the TPP agreement process;

    e. Making accurate representations and determinations to the Plaintiffs of their terms for the modification;

    f. Falsely misleading Plaintiffs by communicating to them that the foreclosure would not commence.

23. On information and belief, the Defendant engaged in conduct as alleged above in an attempt to discourage the Plaintiffs from successfully completing the loan modification the Plaintiffs requested.

24. As a result of these failures to act in good faith and in the absence of fair dealing the Defendant has caused the Plaintiffs to potentially lose their home and incur expenses.

**Count Three- Promissory Estoppel in the Alternative**

Paragraphs 4-25 are hereby made paragraphs 40-53.

25. The Defendant promised Plaintiffs that if they executed and returned the written application given them along with supporting documentation they would become eligible for a permanent mortgage modification, which was their obligation to do so in a timely and proper process.

26. The Defendant's representations were intended to induce the Plaintiffs to rely on such representation with the expectation of entering into a permanent mortgage modification along with the termination of the judicial proceedings.

27. The Plaintiffs did rely on the Defendant's representation by submitting the requested documentation and made timely trial plan payments as directed

28. Given the obligation of the Defendant to participate in the federally mandated mortgage modification programs the Plaintiffs' reliance was reasonable.

29. The Plaintiffs received a written offer of a trial plan modification, made payments pursuant thereto but the Defendant discontinued honoring the trial plan agreement;
30. Plaintiffs' reliance was to their detriment.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs respectfully request the following relief:

a. A judgment declaring the acts and practices of the Defendant, complained herein, constituted a breach of contract and a breach of their obligation to act in good faith and fair dealing;

b. A declaration that the Defendant violated existing applicable law;

c. An order that the Defendant discontinue any attempt to dispossess the Plaintiffs from their property;

d. Grant a permanent or final injunction enjoining the Defendant's agents and employees, affiliates and subsidiaries, from continuing to harm the Plaintiffs by dispossessing them from the subject property by entering an order rescinding the judgment of the Superior Court in for the Judicial District of Danbury in the matter of CitiMortgage, Inc. v. Rutkis, Ronald Et Al. #DBD-CV11-6005669-S

e. An order of specific performance compelling the Defendant to adhere to their contractual and legal obligations to honor a modification of the Defendant's note and mortgage together with other relief required available at law.

f. An award of actual and punitive damages to the Plaintiffs;

g. Award the Plaintiffs the costs of this action together with reasonable attorney's fees;

h. Grant Plaintiffs such other relief and further relief as this court finds necessary and proper;

i. Rescind the civil action of the Superior Court of the Judicial District of Danbury, reinstate the mortgage and loan that was the subject of this transaction with consideration to a modification of the original terms of that note and mortgage.

The Plaintiffs elects to try their claims to a jury of their peers.

PLAINTIFFS,

By E/ Joseph J. Romanello, Jr.
Joseph J. Romanello, Jr.
Her Attorney
57 North Street Suite 304
Danbury CT 06810
203-205-0891
Fed #

## VERIFICATION

1. We, Ronald E. Rutkis and Kimberly A. Rutkis, are the Plaintiffs in the present case and a citizen of the United States of America.  We are eligible for a mortgage modification and/or debt relief as set out in the complaint.
2. We have personal knowledge of ourselves, our situation at all times referred to in the complaint and our intentions including those set out in the foregoing verified complaint and application for injunctive relief.  If called on to testify we would competently testify as to the matters stated herein.
3. We have personal knowledge of the conduct of the Defendant, its activities including those set out in the foregoing verified compliant and application for injunctive relief as they applied to us. If called on to testify we would competently testify as to the matters set forth herein.
4. We verify under penalty of perjury under the laws of the United States of America that the factual statements in this complaint concerning ourselves individually, our activities, and our intentions are true and correct as are the factual statements concerning CitiMortgage

Executed this 5th day of June 2017.


E/ Ronald E. Rutkis
Ronald E. Rutkis


E/ Kimberly A. Rutkis
Kimberly A. Rutkis

***THE ROMANELLO LAW FIRM, LLC***
*57 North Street, Suite 304, Danbury, CT 06810 · Telephone: (203) 205-0891 · Juris No. 427057*